559 F.2d 485
 Walter C. O'NEAL, Jr. and Donald Wrayburn Neisch, Appellants,
v.
Gordon THOMPSON, John Code Mowbray, E. M. Gunderson, David
Zenoff, Cameron M. Batjer, in their official
capacities as Justices and Chief Justice
respectively, of the Nevada
Supreme Court, Appellees.
 No. 75-2509.
 United States Court of Appeals,
Ninth Circuit.
 June 24, 1977.
Amended Aug. 19, 1977.
 
 Kermitt L. Waters, Las Vegas, Nev., argued for appellants.
 Andrew S. Brignone, Lionel, Sawyer, Collins & Wartman, Las Vegas, Nev., argued for appellees.
 Appeal from the United States District Court for the District of Nevada.
 Before CHAMBERS and TRASK,* Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, O'Neal, a member of the Nebraska Bar, and Neisch, a member of the Kentucky and Ohio Bars,[1] raise constitutional challenges to the standards of admission to the Nevada Bar. Each moved for the convening of a three-judge district court, pursuant to 28 U.S.C. § 2281, but their motions were denied, and their suit was dismissed for lack of a substantial federal question. See Goosby v. Osser, 409 U.S. 512, 518, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973).
 
 
 2
 They raised four grounds on which they seek relief. Nevada's law (1) denies them due process of law by excluding all consideration of their past experience and competence as attorneys; (2) deprives them of their right to earn a livelihood in their profession and burdens their right of interstate travel; (3) deprives them of the equal protection of the laws in that alternative admission procedures allow law professors who are members of the Bar of other states to be admitted to the Bar without first passing the Nevada Bar examination; (4) violates the full faith and credit clause of Article IV, Section I, of the United States Constitution by not recognizing appellants' admission to practice in other states.
 
 
 3
 Appellants insist that their case is not controlled by Gormley v. Committee on Admissions of the Supreme Court of Arizona, 419 U.S. 810, 95 S.Ct. 25, 42 L.Ed.2d 37 (1974). A careful reading of the Jurisdictional Statement in that case convinces us that each of the points appellants have raised were passed on in Gormley. Appellants argue some fine distinctions as to the rationality between the passing of a bar examination and fitness to practice law, contending that less burdensome ways can be devised to determine fitness, i. e. ten years of practice in other states. But as we all know, practice alone does not necessarily make for fitness. We note from time to time in appearances before us some lawyers who should not be admitted the second time to practice. Something more is necessary, and Nevada has chosen, as it is its right, the requirement of examination.
 
 
 4
 We find the distinctions raised to be without merit. Gormley stands firmly for the proposition that from a constitutional standpoint the several states have the right to set the criteria for the practice of law in their respective jurisdictions.
 
 
 5
 Affirmed.
 
 
 
 *
 The within case was heard on March 4, 1977, by Associate Justice Tom C. Clark, United States Supreme Court (Ret.) sitting by designation, and by Circuit Judges Chambers and Trask. Justice Clark had concurred in the order before his death on June 13, 1977
 
 
 [1]
 O'Neal also alleges membership in the Bar of the United States District Court of Nebraska and the United States Supreme Court. Neisch alleged membership in the Bars of the United States District Court for the Eastern District of Kentucky, the Southern District of Ohio and the United States Supreme Court. Each failed to make a passing grade on the Nevada Bar examination in 1974, and Neisch also failed to pass in 1973. The suit was filed under 42 U.S.C. § 1981